**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

|  |  |  |
|---|---|---|
| KAPITUS SERVICING, INC., | : | |
| Plaintiff, | : | |
| v. | : | Case No._____ |
| | : | |
| TUCKER CONSTRUCTION GROUP, INC. d/b/a | : | Removed from the Circuit Court for |
| TUCKER CONSTRUCTION GROUP, *et al.* | : | Hanover County, State Court Case |
| | : | No. CL20003942-00 |
| Defendants. | : | |

**NOTICE OF REMOVAL**

Defendant Tucker Construction Group, Inc. hereby removes the above-captioned action to the United States District Court for the Eastern District of Virginia, Richmond Division.  Removal is based on 28 U.S.C. § 1332(a)(1) (diversity jurisdiction) and is authorized by 28 U.S.C. §§ 1441 (authorization of removal) and 1446 (procedure for removal).  As grounds for removal, Tucker Construction states as follows:

**BACKGROUND AND TIMELINESS OF REMOVAL**

1. On September 18, 2020 Plaintiff, Kapitus Servicing, Inc. ("Kapitus"), filed a Complaint against Defendants Tucker Construction and Wardaron Lorenzo Tucker, Jr., in the Circuit Court for Hanover County, Case No. CL20003942-00 (the "State Court Action").  A copy of Complaint from the State Court Action is attached as **Exhibit A**.

2. Kapitus served Tucker Construction through a statutory agent under Va. Code § 8.01-329.  A copy of the Notice of Service is attached as **Exhibit B**.[1]

---

[1] The Complaint, Summons, and Notice of Service of Process from the Secretary of the Commonwealth are the only pleadings that have been served on Tucker Construction in state court.

3.      While it is unclear on exactly which date Tucker Construction *received* the Summons and Complaint in the mail (through its Resident Agent in Maryland)—which is the date that triggers the running of the 30-day deadline to remove under controlling Fourth Circuit precedent[2]—the earliest date he could have possibly *received* the Summons and Complaint is October 29, 2020 based on the Certification of Compliance on the Affidavit of Service of Process on the Secretary of the Commonwealth being dated October 28, 2020 (certifying that the Summons and Complaint were *mailed* to Tucker Construction on that date). (*See id.* at 2.)

4.      Accordingly, under the most conservative calculation for the receipt of the Summons and Complaint, the deadline to remove the State Court Action is November 28, 2020 (the day after the date of this filing) at the *earliest*, and therefore this Removal is timely under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a).

**JURISDICTION**

5.      28 U.S.C. § 1441(a), which establishes when an action is removable from state court to federal court, provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district or division embracing the place where such action is pending."

6.      This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because this lawsuit is between citizens of different states and the amount in controversy exceeds $75,000.

---

[2] *See Elliott v. American States Insurance Co.,* 883 F.3d 384, 394 (4th Cir. 2018) (affirming denial of a motion to remand and holding that "service on a statutory agent is not service on the defendant within the meaning of § 1446(b)" and calculating the deadline for Removal from 30 days from actual receipt by the defendant).

**A.** **Complete Diversity of Citizenship**

7.     Plaintiff, Kapitus, is a Virginia corporation with its principal place of business in Arlington, Virginia.

8.     Defendant Tucker Construction is a Maryland corporation with its principal place of business in Crofton, Maryland. (*See* Ex. A at ¶ 1.)

9.     Defendant Wardaron Lorenzo Tucker, Jr. is a resident of Maryland. (*Id.* at ¶ 2.)

10.    Consequently, there is complete diversity of citizenship between the parties.

**B.** **Amount in Controversy**

11.    In the Complaint, Strategic seeks damages in the amount of $178,366.00 plus attorney's fees in the amount of $44,591.50.

12.    Accordingly, the Complaint alleges sufficient information and facts to support a finding that the amount in controversy exceeds $75,000.

### ALL OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN MET

13.    <u>Removal to Proper Court.</u>  This Court is part of the "district and division" embracing the place where the Complaint was filed—Hanover County, Virginia—and so this Court is the proper venue for removal.  28 U.S.C. § 1446(a).

14.    <u>No Defendant is a Resident of Virginia.</u>  As required by 28 U.S.C. § 1441(b)(2) none of the defendants to this action is a resident of the state in which this action was brought.

15.    <u>Notice</u>.  A copy of the Notice of Filing of Notice of Removal (without its Exhibit), which will be timely filed with the clerk of the state court in which the action is pending and will be served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d), is attached hereto as **Exhibit C**.

16.    <u>Consent</u>.  As required by 28 U.S.C. § 1446(b)(2)(A), Wardaron Lorenzo Tucker, Jr., consent to the removal of this action.

17. Accordingly, based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) and the claims are properly removed to this Court under 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, Tucker Construction Group removes the State Court Action from the Circuit Court for Hanover County to this Court.

DATED: November 27, 2020                                  Respectfully Submitted,

/s/ Andrew M. Williamson
Andrew M. Williamson (VSB No. 83366)
Member
**A.WILLIAMSON, LLC**
12410 Milestone Center Drive
Suite 600
Germantown, MD 20876
Tel: (301) 916-1560
amw@awilliamson.law
*Counsel for Tucker Construction Group, Inc.*
*and Wardaron Lorenzo Tucker, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of November 2020, I caused a copy of the foregoing to be e-filed and served via the Court's electronic filing system to all parties and counsel receiving electronic service, and I caused a copy of the foregoing to be sent via first-class mail to:

Nhon H. Nguyen, Esq.
Charles D. Waters, Esq.
Nguyen Ballato, PLC
2201 Libbie Avenue
Richmond, VA 23230
T 804-788-7070
F 804-788-7676
nhon@nblawplc.com
*Counsel for Plaintiff*

/s/ Andrew M. Williamson
Andrew M. Williamson